391 P.2d 584

Robert J. KORLJAN and Jeanne Korljan, his wife, Appellants,

v.

Thelda JOHNSON, Administratrix of the Estate of Violet Geraldine Thompson, Deceased, Appellee.

No. 6945.

Supreme Court of Arizona,

En Banc.

April 22, 1964.

Rehearing Denied June 12, 1964.

McKesson, Renaud & Cook, by Fred J. Pain, Jr., Phoenix, for appellants.

George M. Sterling, Herbert Mallamo, Phoenix, for appellee.

WINDES, Justice (Retired).

Thelda Johnson, Administratrix of the Estate of Violet Geraldine Thompson, deceased, brought this action against Robert J. Korljan and his wife, Jeanne Korljan, alleging that decedent employed defendant Robert J. Korljan, a naturopathic physician, to treat her for an ailment and that said defendant so carelessly, negligently, grossly and wantonly diagnosed and treated her that hospitalization and surgery became necessary, which resulted in her death.

There was a jury trial. When plaintiff rested, defendants moved for a directed verdict which was denied. When defendants and plaintiff rested, both parties moved

for a directed verdict. Defendants' motion was denied and plaintiff's motion was granted as to liability of the defendants and directed the jury to return a verdict for the plaintiff. The jury returned a verdict for $1,000.

After rendition of the judgment plaintiff moved for a new trial, which was granted on the issue as to damages only. Defendants moved for judgment notwithstanding the verdict, or, in the alternative, for a new trial, which motion was denied and defendants appealed.

Appellants make seven assignments of error which appropriately present for decision whether the trial court should have granted defendants' motion for directed verdict; wherther it erred in granting plaintiff's motion for directed verdict; and whether the court erred in refusing to allow physicians Dr. Joe C. Ehrlich and Dr. Robert Redding to testify on behalf of the defendants.

Dr. Korljan was and had been for a period of approximately ten years licensed to practice in this state as a naturopathic physician under the provisions of Title 32, Chapter 14, A.R.S. There is evidence that decedent sought the services of this defendant originally for gall bladder treatment on January 18th, which apparently was successfully treated. On February 4th she complained of pain in the calf of her right leg, which the defendant correctly diagnosed as a blood clot. He treated her for this ailment by what is designated as intermittent venous occlusion, with the use of a machine known as Burdick Rhythmic Constrictor, described as a method whereby the troublesome clot may be bypassed with collateral circulation and possibly avoid the severe treatment of surgery.

Decedent had suffered from a heart ailment for several years and was at the time of her involvement taking medication in the form of digitalis, which was not prescribed by the defendant. Dr. Daniel Meredith, a medical doctor, testified he had successfully treated such a patient with only physical therapy and that the treatment given by the defendant was one of the most conservative methods of treatment, and if the patient was receiving digitalis the treatment given by the defendant would be within accepted standards. Dr. Albert Brewer, a surgeon, and Dr. Richard Mayne, M.D., testified that the treatment given by the defendant was not proper.

The entire transcript of the evidence, consisting of approximately 800 pages, has been read and we are satisfied that the trial court correctly denied defendants' motion for directed verdict but erroneously directed the jury, as a matter of law, that defendants were liable and submitted to it only the question of damages.

While the case must be retried, because there was a conflict in the evidence, we feel that in order to avoid possible error

in the future on the exclusion of the testimony of Dr. Redding and of Dr. Ehrlich, we should express our views on this subject.

 Dr. Redding, a naturopathic physician duly licensed and qualified as such under the provisions of A.R.S. §§ 32–1501—32–1521 inclusive, had practiced his profession in Phoenix since 1947 and was a member of its board of examiners. He testified he was familiar with and had used a Burdick machine for treating patients with blood clots such as decedent suffered. The trial court refused to permit this witness to testify, upon the ground he was not qualified as an expert. This was error. Hardy v. Dahl, 210 N.C. 530, 187 S.E. 788 (1936).

Dr. Ehrlich, a physician whose speciality is diseases of the heart and blood vessels, is certified as a qualified specialist in cardiovascular diseases. His qualifications as an expert are admitted. This witness was asked a lengthy hypothetical question setting forth facts for which there was evidence and calling for an opinion as to whether defendant Korljan's treatment was proper. Objection was made that all of the facts were not embodied in the question and was sustained. The trial judge, after the doctor had been excused [he was not under subpoena], changed his mind and announced that if the doctor would return he would allow him to testify. It is not clear in the record why the doctor was not, or could not be returned for testimony. We feel that he should have been allowed to testify in the first instance.

Judgment reversed and remanded for new trial.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and BERNSTEIN, JJ., concurring.

NOTE: The Honorable RENZ L. JENNINGS, Justice, having disqualified himself, the Honorable DUDLEY W. WINDES, Justice (Retired) was called to sit in his stead and participate in the determination of this appeal.